**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **LARRY BEASLEY, # N95478,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 13-cv-625-GPM** |
| | ) | |
| **SLAVADOR GODINEZ,** | ) | |
| **JOHN/JANE DOE** | ) | |
| **TRANSFER COORDINATOR,** | ) | |
| **JOHN DOE #1 BUS DRIVER,** | ) | |
| **JOHN DOE # 2 AND #3** | ) | |
| **CORRECTIONAL OFFICERS, and** | ) | |
| **JANE DOE MEDICAL SCREENER,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Larry Beasley, currently incarcerated at Menard Correctional Center ("Menard"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that the defendant prison officials were deliberately indifferent to his safety and medical needs, in violation of the Eighth Amendment.  There were no seatbelts for passengers on the bus that transported Plaintiff from Logan Correctional Center to Menard Correctional Center, and Plaintiff was handcuffed and shackled. Consequently, when the driver erratically took a turn Plaintiff was tossed from his seat and injured.  He was then denied prompt medical care, on the bus and after his arrival at Menard.  He prays for compensatory and punitive damages, as well as affirmative injunctive relief.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

(a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## 1. The Complaint

As summarized above, Plaintiff's claims stem from injuries he sustained after he was tossed from his seat on the transport bus because the bus was not equipped with seatbelts, and the

driver, John Doe #1, was driving erratically.  Plaintiff contends that Defendant Godinez, as director of the Illinois Department of Corrections, and John Doe Transport Coordinator, who was responsible for ensuring that Plaintiff was safely transported from one facility to another, were deliberately indifferent to Plaintiff's safety when Plaintiff was transported on a bus that was not equipped with seatbelts.

It is further alleged that John Doe #1, the bus driver, was deliberately indifferent to Plaintiff's safety when he drove erratically, and when he later ignored Plaintiff's request for medical care.  Similarly, Plaintiff contends that the two correctional officers riding on the bus, John Doe defendants #2 and #3, were deliberately indifferent to Plaintiff's requests for medical care, not getting him care along the way, despite stopping at another correctional facility before reaching Menard, and not getting him care upon arrival at Menard.

At Menard, Plaintiff was seen by Jane Doe Medical Screener, but she did not secure Plaintiff immediate attention; rather, it was four days until Plaintiff was seen by a nurse, and another three days before he was seen by a doctor.

Based on the allegations of the complaint, the Court finds it convenient to divide the *pro se* action into four counts.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.   The designation of these counts does not constitute an opinion as to their merit.

**Count 1:   IDOC Director Salvador Godinez and John Doe Transfer Coordinator were deliberately indifferent to Plaintiff's safety in violation of the Eighth Amendment when they allowed Plaintiff to be transported on a bus not equipped with seatbelts;**

**Count 2:   John Doe #1 Bus Driver was deliberately indifferent to Plaintiff's safety in violation of the Eighth Amendment when he drove erratically and did not get Plaintiff medical care for his injuries;**

**Count 3:**   **John Does #2 and #3 were deliberately indifferent to Plaintiff's safety in violation of the Eighth Amendment when they did not get Plaintiff medical care; and**

**Count 4:**   **Jane Doe Medical Screener was deliberately indifferent to Plaintiff's safety in violation of the Eighth Amendment when she did not get Plaintiff medical care upon arrival at Menard.**

## 2.   Discussion

### Salvador Godinez

Salvador Godinez, Director of the IDOC, is named as a defendant—he is the only defendant identified by name.   However, Godinez is not mentioned in the narrative of the complaint.   Rather, there is only an assertion that he and the Transport Coordinator were deliberately indifferent by failing to have the transport bus equipped with seatbelts (*see* Doc. 1, p. 5, par. 19).

As already noted, an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).

Merely including a defendant's name in the caption of the complaint is insufficient to state a claim. *See Ownes v. Hinsley*, 635 F.3d 950, 955 (7th Cir. 2011) (citing *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).   A conclusory legal statement, such as the bald allegation against Godinez, is insufficient. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).   And, the doctrine of *respondeat superior* is not applicable to Section 1983 actions. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted).   Thus, Plaintiff has failed to

state a viable claim against Salvadore Godinez in his individual capacity.  Although this flaw could possibly be cured by amendment, the legal claim against Godinez is fatally flawed.

In essence, Plaintiff is alleging that Godinez failed to establish a policy that would provide an extra measure of safety from potential harm.  In *Jabbar v. Fischer*, 683 F.3d 54 (2nd Cir. 2012), the Court of Appeals for the Second Circuit concluded that the failure of prison officials to provide seatbelts, alone, does not rise to the level of an Eighth Amendment violation. This Court concurs with that analysis.

An Eighth Amendment violation has two principal elements:  (1) the deprivation of the minimal civilized measure of life's necessities; and (2) deliberate indifference to health or safety on the part of the defendant.   *See Farmer v. Brennan,* 511 U.S. 825, 834 (1994).    In accord with *Helling v. McKinney,* 509 U.S. 25, 32, 35 (1993), the risk must be unreasonable.  *Farmer* uses the term "excessive risk."  *Farmer*, 511 U.S. at 837.  The added protection of a seatbelt in this situation, for protection from a speculative harm with nothing more, does not rise to the level of an Eighth Amendment violation.   Therefore, the Eighth Amendment claim against Godinez will be dismissed with prejudice.

Insofar as Plaintiff seeks injunctive relief, Godinez shall remain as a defendant because it is unclear whether the transport buses would fall under his purview as director of the IDOC.  *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (proper defendant in a claim for injunctive relief is the government official responsible for ensuring any injunctive relief is carried out).

Because Godinez is the only defendant identified by name, service of summons and the complaint upon him will, theoretically, enable Plaintiff to secure the names of unidentified defendants.

**Counts 1-4**

"Depriving a prisoner of 'basic human needs like food, medical care, sanitation, and physical safety' violates the Eighth Amendment, but only if the defendant acted with deliberate indifference to the prisoner's serious needs; negligence is not enough."  *Smith v. Sangamon County Sheriff's Dept.*, 715 F.3d 188, 191 (7th Cir. 2013) (quoting *Estate of Novack ex rel. Turbin v. County of Wood*, 226 F.3d 525, 530 (7th Cir. 2000)).

Counts 1-4 state colorable Eighth Amendment claims against all defendants, with the exception of Salvador Godinez (as discussed above).  Therefore, Counts 1-4 shall proceed.

3.  **Disposition**

For the reasons stated, all substantive claims against Defendant **SALVADOR GODINEZ** (Count 1) are **DISMISSED** with prejudice for failure to state a claim upon which relief can be granted.  **GODINEZ** shall remain as a defendant in this action for purposes of injunctive relief.

**COUNTS 1-4** state colorable Eighth Amendment claims against all Defendants, with the exception of **SALVADOR GODINEZ**, and shall proceed.

The Clerk of Court shall prepare for Defendant **SALVADOR GODINEZ**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the Unknown (John Doe) Defendants until such time as Plaintiff has identified them by name in a properly filed amended complaint.  Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the names and service addresses for these individuals.

If Defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendant or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** November 14, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge