IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LARRY BEASLEY,                                   )
                                                 )
      Plaintiff,                             )
                                                 )
      v.                                     )          Case No. 3:13-cv-625-NJR-DGW
                                                 )
SALVADOR GODINEZ, et al.,                        )
                                                 )
      Defendants.                            )

## ORDER

**WILKERSON, Magistrate Judge:**

     Now pending before the Court is the Motion to Get Defendants Named filed by Plaintiff, Larry Beasley, on May 5, 2014 (Doc. 31) and the Motion for Leave to File an Amended Complaint filed by Plaintiff on August 4, 2014 (Doc. 38).  For the foregoing reasons, the Motion to Get Defendants Named is **DENIED** and the Motion for Leave to File an Amended Complaint is **GRANTED**.

### Motion to Get Defendants Named (Doc. 31)

     In this Motion, Plaintiff seeks the names of staff members who (1) were on the bus mentioned in Plaintiff's Complaint on May 2, 2012 from Logan Correctional Center to Menard Correctional Center ("Menard"); and, (2) provided medical screenings to inmates entering Menard this same day.  Defendant filed his response to this Motion on July 24, 2014 (Doc. 37) after the Court took it under advisement on July 9, 2014.  Defendant explained that he responded to Plaintiff's First Request for Production of Documents on April 21, 2014, and served Plaintiff an Amended Response on July 24, 2014, providing additional information he obtained from Menard. Defendant asserts that he has inquired with officials at Menard and has provided all available

Page **1** of **3**

documents sought in Plaintiff's requests.  Thus, it appears that Defendant has complied with Plaintiff's discovery requests and provided all available information intended to assist him in identifying the John and Jane Doe defendants named in this lawsuit.  Accordingly, Plaintiff's Motion to Get Defendants Named (Doc. 31) is **DENIED**.

### Motion for Leave to File an Amended Complaint (Doc. 38)

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading and that leave to amend "shall be freely given when justice so requires."   The Seventh Circuit maintains a liberal attitude toward the amendment of pleadings "so that cases may be decided on the merits and not on the basis of technicalities."  *Stern v. U.S. Gypsum, Inc*., 547 F.2d 1329, 1334 (7th Cir. 1977).   The Circuit has recognized that, "the complaint merely serves to put the defendant on notice and is to be freely amended or constructively amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant." *Toth v. USX Corp*., 883 F.2d 1297, 1298 (7th Cir. 1989); *see also Winger v. Winger*, 82 F.3d 140, 144 (7th Cir. 1996) (quoting *Duckworth v. Franzen*, 780 F.2d 645, 649 (7th Cir. 1985)) ("The Federal Rules of Civil Procedure create [a system] in which the complaint does not fix the plaintiff's rights but may be amended at any time to conform to the evidence.").   A court may also deny a party leave to amend if there is undue delay, dilatory motive or futility. *Guise v. BMW Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004).

Plaintiff seeks leave to file an amended complaint to identify three of the unknown defendants named in his lawsuit: Sandra Funk, transfer coordinator, Michael D. Pyatt, correctional officer, and Kim Seidal, medical screener.   Defendant Godinez has not objected to this Motion. The Court finds that Plaintiff's Motion is neither futile, nor will it result in undue duly. Accordingly, Plaintiff's Motion for Leave to File an Amended Complaint is **GRANTED**.

**IT IS ORDERED** that the Clerk of Court shall prepare for **Defendants Sandra Funk, Michael Pyatt, and Kim Seidal** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).   The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, a copy of the amended complaint, and this Order to each Defendant's place of employment as identified by Plaintiff.   If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.   This information shall be used only for sending the forms as directed above or for formally effecting service.   Any documentation of the address shall be retained only by the Clerk.   Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS SO ORDERED.**

**DATED: September 19, 2014**

> **DONALD G. WILKERSON**
> **United States Magistrate Judge**