IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LARRY BEASLEY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 13-CV-625-NJR-DGW |
| SALVADOR GODINEZ, SANDRA FUNK, MICHAEL D. PYATT, KIM SEIDEL, RICKEY R. WALLER, and WESLEY A. MONROE, | ) ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 96), which recommends denial of the Motion for Summary Judgment on the issue of exhaustion filed on February 6, 2015, by Defendant Kim Seidel (Doc. 69).

Plaintiff Larry Beasley, an inmate in the Illinois Department of Corrections, filed this *pro se* lawsuit on June 27, 2013, pursuant to 42 U.S.C. § 1983. Plaintiff complains that he was transported to Menard Correction Center on a bus that was not equipped with seatbelts and was being driven erratically, and as a result, he was tossed from his seat and sustained injuries. Plaintiff contends that correctional officers on the bus ignored his requests for medical care and, when he was seen for his intake screening at Menard, he

was not provided with immediate medical care. The Court conducted a threshold review of the complaint pursuant to 28 U.S.C. § 1915A, and his claims for deliberate indifference against the above-captioned Defendants survived (Doc. 7).

Defendant Kim Seidel moved for summary judgment on February 6, 2015, arguing that Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997(e) (Doc. 69). Plaintiff filed his response in opposition to the motion for summary judgment on March 31, 2015. (Doc. 80). As required by *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), Magistrate Judge Wilkerson held an evidentiary hearing on the issue of exhaustion on May 1, 2015. Following the *Pavey* hearing, on July 16, 2015, Magistrate Judge Wilkerson issued the Report and Recommendation currently before the Court (Doc. 96). Objections to the Report and Recommendation were due on or before August 3, 2015. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); SDIL-LR 73.1(b). Neither party filed an objection.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). Where neither timely nor specific objections to the Report and Recommendation are made, however, this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court should review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). A judge may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by

the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court has carefully reviewed the briefs and exhibits submitted by the parties, as well as Magistrate Judge Wilkerson's Report and Recommendation. Following this review, the Court fully agrees with the findings, analysis, and conclusions of Magistrate Judge Wilkerson and adopts the Report and Recommendation in its entirety.

Plaintiff testified that he submitted a grievance on May 6, 2012, but he did not receive a response to that grievance. Magistrate Judge Wilkerson determined that Plaintiff's testimony was credible, and that credibility determination is entitled to deference because Magistrate Judge Wilkerson actually heard the testimony and observed the demeanor of the witness. *See Pavey v. Conley*, 663 F.3d 899, 904 (7th Cir. 2011). Because prison officials failed to respond to Plaintiff's grievance, they rendered his administrative remedies unavailable. *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005) (citing *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002)). Therefore, Plaintiff is deemed to have exhausted his administrative remedies. *Lewis*, 300 F.3d at 833.

For this reason, the Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 96), and **DENIES** Defendant Kim Seidel's Motion for Summary Judgment on the issue of exhaustion (Doc. 69).

**IT IS SO ORDERED.**

**DATED: August 6, 2015**

s/ Nancy J. Rosenstengel  
**NANCY J. ROSENSTENGEL**  
**United States District Judge**